UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHRISTINE D. GOSTISBEHERE

     Plaintiff,

v.

SIMM ASSOCIATES INC.,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.      Plaintiff, CHRISTINE D. GOSTISBEHERE, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, SIMM ASSOCIATES, INC., is a corporation with its principal place of business at 800 Pencader Drive, Newark, DE, 19702.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from an obligation to HSBC Consumer Lending (USA) Inc. incurred primarily for personal, family or household purposes.

10.     Plaintiff, CHRISTINE D. GOSTISBEHERE, is the sole obligor on the alleged debt.

11.     Defendant left the following message on Plaintiff, CHRISTINE D. GOSTISBEHERE's voice mail, on her cellular telephone as indicated, on or about the dates stated:

2

Friday October 19th, 2012 1:38 pm

"Christine Gostisbehere. Christine Gostisbehere please respond promptly. Contact me today. 800-864-6033. My name is John Thompson with Simm Associates. This is one of several attempts made in order to reach you. Contact me today 800-864-6033."

12.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

13.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages.

15.     Defendant knew it was required to disclose that it is a debt collector

and the purpose of its communication in telephone messages to Plaintiff.

16.     Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular

telephone.

17.     None of Defendant's telephone calls placed to Plaintiff were for

"emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

18.     Defendant willfully or knowingly violated the TCPA.

## COUNT I

**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

19.     Plaintiffs incorporate Paragraphs 1 through 18.

20.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff, CHRISTINE D. GOSTISBEHERE, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

21.     Plaintiffs incorporate Paragraphs 1 through 18.

22.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F.

4

Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp.

2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff, CHRISTINE D. GOSTISBEHERE, requests that

the Court enter judgment in favor of Plaintiff and against Defendant for::

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23.    Plaintiff incorporates Paragraphs 1 through 18.

24.    Defendant placed non-emergency telephone calls to Plaintiff's cellular

telephone using an automatic telephone dialing system or pre-recorded or artificial

voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.     Damages;

      b.     a declaration that Defendant calls violate the TCPA;

      c.     a permanent injunction prohibiting Defendants from placing

non-emergency calls to the Plaintiff's cellular telephone using an

automatic telephone dialing system or pre-recorded or artificial voice;

and

d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

JENNIFER M. COLSON, ESQ.
Attorney for Plaintiff
Post Office Box 50028
Lighthouse Point, FL 33064
Telephone: 954-784-2290
Facsimile: 954-784-2770
jcolson@jennifercolsonpa.com


By:  s/ Jennifer M. Colson
Jennifer M. Colson, Esq.
Florida Bar No. 047783

6